# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROSCOE GALLMORE,

        Defendant-Appellant.

UNPUBLISHED
February 25, 2016

No.  324833
Wayne Circuit Court
LC No.  13-011108-FC

Before:  GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant of two counts of armed robbery, MCL 750.529, and assault or assault and battery, MCL 750.81.  The jury found him not guilty of carjacking, MCL 750.529a. The trial court sentenced him to 25 to 60 years in prison for the armed robbery convictions and 93 days in jail for the assault conviction.  Defendant appeals as of right.  We affirm.

The complainants were an elderly couple.  They testified that while they were in their car, defendant approached them and asked if everything was okay.  They said that defendant then told them that he had a gun and demanded their money.  They testified that his hand was in his pocket, as if he had a gun.  Defendant conceded that the event occurred and that he was the perpetrator, but he argued that he was guilty of unarmed, not armed robbery.  He also argued, successfully, that the prosecution had not demonstrated that he was guilty of carjacking.

On appeal, defendant asserts that the trial court abused its discretion and violated MRE 404(b) by admitting testimony from an individual who described being carjacked by defendant on a separate occasion.  The individual's description of events in the other incident was similar to those charged in some respects, namely defendant's use of a subterfuge and the concealment of his right hand.  However, the incident was also different in some respects, namely that in the other incident, the defendant stated "this is a carjacking" and took the car but did not ask the victim for money.

The trial court's decision to admit other acts evidence is reviewed for an abuse of discretion and therefore is entitled to substantial deference.  *People v Meshell*, 265 Mich App 616, 634; 696 NW2d 754 (2005).  Given that the proof of carjacking in the instant case was equivocal, if defendant had been convicted of that offense, we would have to conduct a closer review of the trial court's MRE 404(b) analysis.  However, defendant was acquitted of

-1-

carjacking. Thus, the jury was clearly able to focus on the testimony concerning the charged events and did not improperly consider the 404(b) evidence as to the charge where its potential prejudicial impact was at its highest.

Additionally, while the prior crime was less probative as to the armed robbery charges, it was also far less prejudicial. Defendant did not deny that he had robbed the complainants and has not even sought an acquittal on that basis. As a practical matter, the only issue for the jury to determine was whether defendant was guilty of armed or unarmed robbery. There was no evidence that defendant had a gun in the prior crime. And given the uncontested testimony from the complainants in this case that defendant stated he had a gun and that he had his hand in his pocket as if he had a gun, it is difficult to see how any testimony concerning the prior incident could have had any prejudicial effect on the jury's determinations with regard to the armed robbery conviction, let alone one that would require us to reverse his convictions.[1]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

[1] Moreover, the trial court provided the jury with limiting instructions concerning this evidence. A cautionary instruction may limit the potential for undue prejudice, *People v Murphy (On Remand)*, 282 Mich App 571, 583; 766 NW2d 303 (2009), and jurors are presumed to follow instructions from the trial court, *People v Waclawski*, 286 Mich App 634, 674; 780 NW2d 321 (2009). Indeed, given their verdict on the carjacking charge, it is clear that they did follow the court's instructions.